- FILED

Pro Se 6 (Rev. 09/16) Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money

# UNITED STATES DISTRICT COURT
### for the
### MIDDLE District of FLORIDA

2017 AUG 22  AM 9: 37



US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

|  |  |
|---|---|
| **ZAID ALI** | ) |
| ――――――――――――――――――――― | ) |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) |
| –v– | ) ) |
|  | ) |
| **WELLS FARGO, BANK N.A., VAN NESS LAW FIRM, PLC, AND LENDINGHOME FUNDING CORP.** | ) ) ) |
| ――――――――――――――――――――― | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) |

Case No.  6:17-CV-1533-ORL.31-DC
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE ALLEGING THAT THE DEFENDANT OWES PLAINTIFF A SUM OF MONEY
### (28 U.S.C. § 1332; Diversity of Citizenship)

### I.  The Parties to This Complaint

#### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | ZADE ALI |
| Street Address | 5818 OXFORD MOOR BLVD |
| City and County | WINDERMERE, ORANGE COUNTY |
| State and Zip Code | FLORIDA 34686 |
| Telephone Number | 407-724-8960  / 561-755-7172 |
| E-mail Address | ZADEALI@GMAIL.COM |

#### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | WELLS FARGO, BANK N.A. |
| Job or Title *(if known)* | |
| Street Address | 1055 10TH AVENUE S.E. |
| City and County | MINNEAPOLIS |
| State and Zip Code | MN, 55414 |
| Telephone Number | 1-800-869-3557 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | VAN NESS LAW FRIM, PLC |
| Job or Title *(if known)* | |
| Street Address | 1239 E. NEWPORT CENTER DRIVE, SITE 110 |
| City and County | DEERFIELD BEACH |
| State and Zip Code | FLORIDA 33442 |
| Telephone Number | 954-571-2031 |
| E-mail Address *(if known)* | PLEADINGS@VANLAWFL.COM |

Defendant No. 3

| | |
|---|---|
| Name | LENDINGHOME FUNDING CORP. |
| Job or Title *(if known)* | |
| Street Address | 1 CALIFORNIA STREET, 17TH, FLOOR |
| City and County | SAN FRANCISCO |
| State and Zip Code | CALIFORNIA 94111 |
| Telephone Number | 1-844-415-4663 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000.  In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.  Explain how these jurisdictional requirements have been met.

### A.   The Plaintiff(s)

1.   If the plaintiff is an individual

The plaintiff, *(name)*     ZAID ALI                                           , is a citizen of the State of *(name)*   FLORIDA                                    .

2.   If the plaintiff is a corporation

The plaintiff, *(name)*                                                  , is incorporated under the laws of the State of *(name)*                                             ,

and has its principal place of business in the State of *(name)*

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

### B.   The Defendant(s)

1.   If the defendant is an individual

The defendant,  *(name)*                                          , is a citizen of the State of *(name)*                                       . Or is a citizen of *(foreign nation)*

2.   If the defendant is a corporation

The defendant, *(name)*   WELLS FARGO BANK, N.A.                , is incorporated under the laws of the State of *(name)*   MINNEAPOLIS                       , and has its principal place of business in the State of *(name)*   MINNEAPOLIS                      .

Or is incorporated under the laws of *(foreign nation)*                                    ,

and has its principal place of business in *(name)*                                    .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

### C.   The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

Pro Se 6 (Rev. 09/16) Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money

### PLEASE SEE ATTACHED COMPLAINT

**III.    Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The defendant, *(name)* LENDINGHOME FUNDING CORP                    , owes the plaintiff *(specify the amount)* $        634,000.00 , because *(use one or more of the following, as appropriate)*:

**A.    On a Promissory Note**

On *(date)*                    , the defendant signed and delivered a note promising to pay the plaintiff on *(date)*                the sum of *(specify the amount)* $                    with interest at the rate of *(specify the amount)*                percent. The defendant has not paid the amount due and owes *(state the amount of unpaid principal and interest)* $                    . A copy of the note is attached as an exhibit or is summarized below. *(Attach the note or summarize what the document says.)*

**B.    On an Account Between the Parties**

The defendant owes the plaintiff *(specify the amount)* $                    . This debt arises from an account between the parties, based on *(state the basis, such as an agreement between a credit-card company and a credit-card holder)*

The plaintiff sent the defendant a statement of the account listing the transactions over a certain period and showing the bills sent, the payments received or credits approved, and the balance due. The defendant owes *(specify the amount)* $                    . Copies of the bills or account statements are attached as exhibits or summarized below. *(Attach the statements or summarize what they say.)*

Pro Se 6 (Rev. 09/16) Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money

**C.      For Goods Sold and Delivered**

The defendant owes the plaintiff *(specify the amount)* $ _____ , for goods sold and delivered
by the plaintiff to the defendant from *(date)* _____ to *(date)* _____ .

**D.      For Money Loaned**

The defendant owes the plaintiff *(specify the amount)* $ _____ , for money the plaintiff loaned
the defendant on *(date)* _____ .

**E.      For Money Paid by Mistake**

The defendant owes the plaintiff *(specify the amount)* $ _____ for money paid by mistake to
the defendant on *(date)* _____ , when the defendant received the payment from *(specify who
paid and describe the circumstances of the payment)*

_____

**F.      For Money Had and Received**

The defendant was paid money *(specify the amount)* $ _____ on *(date)* _____ by
*(identify who paid and describe the circumstances of the payment)*

_____

It is unjust for the defendant not to pay the plaintiff the money received because *(explain the reason, such as
that the money was intended to be paid to the plaintiff, or was paid by coercion, duress, or fraud, or was an overpayment or a
deposit to be returned)*

PLEASE SEE ATTACHED COMPLAINT

_____

## IV.      Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal
arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include
the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any
punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or
punitive money damages.

PLEASE SEE ATTACHED COMPLAINT

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   8/22/17

Signature of Plaintiff

Printed Name of Plaintiff   ZAID ALI

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Street Address   _____

State and Zip Code   _____

Telephone Number   _____

E-mail Address   _____

*FILED*

# UNITED STATES DISTRICT COURT
## IN THE MIDDLE DISTRICT OF FLORIDA

2017 AUG 22 AM 9:38

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

ZAID ALI

_____/                           CASE NO.
          Plaintiff,

Vs.                                         JURY TRIAL    YES

WELLS FARGO BANK, N.A.,
VAN NESS LAW FIRM, PLC,
LENDINGHOME FUNDING, CORP.

_____/
          Defendants,


## COMPLAINT AND JURY DEMAND


There is no other civil action between these parties arising out of the same transaction or

occurrence as alleged by the Defendants in this Complaint pending in this court, nor has any

such action been previously filed and dismissed or transferred after having been assigned a

judge.


NOW COMES Plaintiff Zaid Ali, pro se, and for his Complaint against Wells Fargo Bank, N.A.,

Van Ness Law Firm, PLC, and LendingHome Funding, Corp., hereby states as follows:


## JURISDICTION AND VENUE


1.      Plaintiff brings this action under 18 U.S. 47 Code §1001-Statements or entries generally,

18 U.S. Code § 1341-Frauds and swindles, and 42 U.S.C. 3617-Interference, Coercion,

Intimidation, Florida Statute §817.545-Mortgage Fraud, C.F.R. § 591.2 (b), Breach of Contract,

Florida Deceptive and Unfair Practices Act, TILA Rescission and for Emotional Infliction of

Emotional Distress.


2.      This court has jurisdiction pursuant to the following statutes:

a.      28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions

arising under the constitution, laws or treaties of the United States.

b.      28 U.S. C. § 1367, which gives the district court supplemental jurisdiction over state law

claims.


3.      Venue is Appropriate in this judicial district under 28 U.S.C. § 1391(b) because the

events that gave rise to this complaint occurred in this district.


## ALLEGATIONS COMMON TO AND INCLUDED IN

## ALL CAUSES OF ACTION


4.      Plaintiff, Zaid Ali ("Plaintiff" or "Plaintiffs") at all relevant times mentioned herein *is* an

individual residing in Orange County, State of Florida.


5.      Defendant, Wells Fargo Bank, N.A. is now and at all times presented that they hold the

Note and Mortgage to the property associated with this complaint. Wells Fargo Bank, N.A. as a

foreign Corp. conducts business in Florida under the Laws of the State of Florida. Thus, this

Court is the proper Court for the trial of this action as the Defendant does business within its

Jurisdictional area.

6.      Defendant, Van Ness Law Firm, PLC, is now, and at all times relevant to this action has

represented themselves as a Legitimate Law Firm Operating under the Laws of the State of

Florida and The Florida Bar Association. The Defendant has offices of representation in Orange

County, Florida, thus this Court is the proper Court for the trial of this action as Defendant does

business within its jurisdictional area.

7.      Defendant, LendingHome Bank, N.A. is now and at all times presented that they hold the

Note and Mortgage to the property associated with this complaint.  LendingHome Funding

Corp. as a foreign Corp. conducts business in Florida under the Laws of the State of Florida.

This, this Court is the proper Court for the trial of this action as the defendant does business

within its jurisdictional area.

8.      Plaintiff is unaware of the true names or capacities, whether they are individuals or

business entities, of Defendant 1-3 inclusive, and sues them by such fictitious names.  Plaintiff

will seek leave of this Court to insert their true names and capacities once they have been

ascertained.

9.      Plaintiff is informed and believes and upon such information and belief alleges, that the

defendants, were at all times herein mentioned, authorized and empowered by each other to act,

and did so act, as agents of each other, and all of the things herein alleged to have been done by

them were done in the capacity of such agency.  Upon information and belief, all Defendants are

responsible in some manner for the events described herein and are liable to Plaintiff for the

damages he has incurred.


10.    The real property ("Subject Property") that is the subject matter of this action is

commonly described as 5818 Oxford Moor BLVD, Windermere, FL 34686 legally described as:


**PLEASE INSERT Legal description here**


11.    This Suit is based upon Fraud by the illegal activities of the parties named and their

attorneys that has caused the Plaintiff irreparable damage.


12.    On March 17th, 2016 Zaid Ali and his Company Sovereign Global Advisors, LLC

executed a Loan with LendingHome Funding Corp. Representatives of LendingHome Funding,

Corp, persuaded Zaid Ali to invest in an abandoned home for the purposes of selling it once the

home was repaired.


13.    Defendant, LendingHome Funding Corp., assured me of their dedication to this project

and of the profit that would be coming to us all as partner's in this venture.

14.     Plaintiff, relying on the representations of the Defendant, LendingHome Funding, Corp.
used his life savings into a project which Defendants assured the profits from the completed
project would be advantages, not only to my family but to LendingHome Funding Corp.


15.     When LendingHome Funding, Corp. realized that the amount of money and effort I, Zaid
Ali had invested in the property which basically tripled the Equity in the Property they decided to
Foreclose on me unjustly.

16.     This fraudulent action went against everything LendingHome Funding, Corp. had
represented to me.  Furthermore, during the Foreclosure action in the Civil Court Case
Defendants' have continued through improperly set hearings attain illegal orders to gain
advantage for their client.

17.     Plaintiff would not have entered into the agreement had plaintiff known the true facts.


18.     The damages suffered by plaintiff are not yet ascertained, but said damages exceed the
jurisdictional minimum of this court, plus interest at the legal rate of 10% per annum from and
after, and which sums will be proven at time of trial.


## SECOND CAUSE OF ACTION

## TILA RESCISSION


19.     The case, *Jesinoski v. Countrywide Home Loans, Inc., 2015 WL 144681* (Jan. 13, 2015),
involved borrowers that sent a letter purporting to rescind a loan refinancing their mortgage

exactly three years after the loan closing, but did not file suit seeking a declaration of rescission until a year later.

20.     TILA, 15 U.S.C. § 1635, provides borrowers with an unconditional right to rescind certain non-purchase money mortgage loan transactions within three days of the date the borrower is provided: (a) a notice detailing the right of rescission (and how to exercise it); and (b) certain "material" TILA disclosures. Under Section 1635(f), if a lender has failed to provide to the borrower either the notice of rescission or accurate material disclosures, an extended right of rescission is provided that expires three years after the transaction consummation date or upon the sale of the property, whichever occurs first.

21.     The act of sending a notice of rescission applies regardless of whether a particular mortgage in fact qualifies for rescission or not. If it does not qualify, the rescission is STILL EFFECTIVE until challenged by the banks within the 20 day window.  The rescission would be upheld under the US Supreme Court decision because it is effective when dropped in the mailbox and consumers of loans are not required to be lawyers or have a lawyer when they want to cancel the loan. If the rescission is improper the creditor has 20 days to make its claim. After that it is waived and the homeowner is entitled to enforce a rescission — even one that **MIGHT** have been determined ineffective, had it been properly challenged.

22.     Plaintiff, incorporates as (Exhibit " A ") his Notice of Rescission, which until today's date has not been answered or challenged by the Defendants.

23.     Defendant's assured Plaintiff if he would invest the necessary money into the project the end result would be an advantageous for all parties. However, ultimately the Defendants were at all times acting in bad Faith.

24.     Immediately, Defendants realizing now that the property had equity filed a foreclosure case against the Plaintiff in order to fraudulently to acquire the property and take the equity the Plaintiff has established in the property.

25.     Plaintiff has to this date invested about $900,000 Dollars into this project and pleads this court enter an order Granting Rescission and have all funds be returned immediately along with all other forms of relief this court deems just and proper.

## THIRD CAUSE OF ACTION

### Violation under FREC (Florida Real Estate Commission) as against all Defendants

28.     Plaintiff incorporates and restates each of the above paragraphs herein above, as though set forth in full herein, and incorporates them into this cause of action by reference.

29.     Seller, broker, and agent owed plaintiff a duty under FREC (Florida Real Estate

Commission) to inspect and to disclose fully and fairly all facts that materially affect or relate to

the Subject Property and to disclose truthful and complete, rather than misleading, information.


30.     Defendant's, or Seller, broker, and agent failed to comply with the requirements of
Guidelines set forth by FREC, (Florida Real Estate Commission), by failing to adhere to the
agreement established by the parties.

31.     Furthermore, Defendants failure to communicate with the Plaintiff and their behavior

against to Florida Rules of Civil Procedure in regard to hearings in the Lower Tribunal Court

have gained them unfair advantage in the court.   Those orders have been appealed and are

before the Appellate court


32.     As a result of the failures of seller, broker, and agent to comply with guidelines under

FREC (Florida Real Estate Commission) they are each liable to plaintiff for their damages.


33.     Defendant's, Seller, broker and agent all deliberately concealed the true facts regarding

the Subject Property from plaintiff. The Defendant's sole purpose was to allow the Plaintiff to

invest his whole savings into a project where the only person to profit would be the Defendants.


34.     The concealment of the true facts from plaintiff was done with the intent to induce

plaintiff to enter into the agreement. Had plaintiff known the true facts regarding the Subject

Property he would not have entered into the agreement and purchased the Subject Property.

35.     As a proximate result of the fraud and deceit alleged, plaintiff was induced to purchase the Subject Property and has suffered damages that include their out-of-pocket costs and expenses and loss of use of the Subject Property. The damages suffered by plaintiff are not yet ascertained, being that plaintiff is without a home and is incurring daily fees over this fraudulent action by the defendants.

36.     In doing the acts alleged in this complaint, seller, broker, and agent acted with fraudulent intent and with the express intention of causing injury and damages to plaintiff.

37.     Plaintiff is entitled to exemplary and punitive damages in an amount according to proof at time of trial, to make an example of and to punish these defendants in addition to their actual damages.

## FOURTH CAUSE OF ACTION

### Fraud by concealment as against all Defendants

38.     Plaintiff incorporates, restates each of the above paragraphs, inclusive, hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.

39.    Defendant's, Seller, broker and agent all deliberately concealed the true facts regarding the Subject Property from plaintiff. Defendants at no time intended to share the profits with the Plaintiff. Instead, they knew the Plaintiff was creating equity in the property by his personal investment. Then once the project was close to completion the Defendant has attempted to steal the Equity and profits from the Plaintiff.

40.    The concealment of the true facts from plaintiff was done with the intent to induce plaintiff to enter into the agreement. Had plaintiff known the true facts regarding the Subject Property they would not have entered into the agreement and purchased the Subject Property.

41.    A proximate result of the fraud and deceit alleged, plaintiff was induced to purchase the Subject Property and has suffered damages that include their out-of-pocket costs and expenses and loss of use of the Subject Property. The damages suffered by plaintiff are not yet ascertained, but as stated previously are accumulating daily and are now at about $900,000 dollars.

42.    In doing the acts alleged in this complaint, seller, broker, and agent acted with fraudulent intent and with the express intention of causing injury and damages to plaintiff. Plaintiff is entitled to exemplary and punitive damages in an amount according to proof at time of trial, to make an example of and to punish these defendants in addition to their actual damages.

## FIFTH CAUSE OF ACTION

## <u>VIOLATION OF 18 U.S. CODE § 1341-FRAUDS AND SWINDLES</u>

45.     Plaintiff incorporates, restates each of the above paragraphs, inclusive, hereinabove, as

though set forth in full herein, and incorporates them into this cause of action by reference

deprived Plaintiff of his constitutional and/or statutory rights by defrauding Plaintiff into

believing he was purchasing a home for him and his Family.  When at all times Defendant was

swindling him for as much money as they could get, knowing that at the end they would never

honor the agreement between the parties by Perpetrating the Fraudulent Foreclosure Action they

have in the Florida Civil Court allowing them to keep his Interest Payments and the Equity he

had gained in the property.

46.     As a direct and proximate result of Defendants actions and violation of 18 U.S. Code §

1341 Plaintiff has suffered Monetary Damages in excess now of $900,000 Dollars.  Furthermore,

the Emotional damage cause to Plaintiff and his family is Irreparable.

47.     Defendants enticed Plaintiff to enter into the agreement with the promise of monetary

gain.  Unfortunately, now the only party to have any gain is the Defendants.  This action is based

solely on the fraudulent actions by all defendants

## <u>SIXTH CAUSE OF ACTION</u>

## <u>VIOLATION OF 15 U.S. CODE § 1692e FALSE OR MISLEADING REPRESENATIONS</u>

48.     Plaintiff incorporates, restates each of the above paragraphs, inclusive, hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.

49.     As evident by hundred pages of correspondence Defendant at all times made the Plaintiff believe that had reached or were the process of a modification as illustrated in the original agreement.

50.     At all times Defendant represented to Plaintiff the willingness to resolve the situation amicably. However, Defendant's actions proved otherwise. Any statements of desire to settle on the record were token and Clearly Deceptive as evidenced by the Extensive Written Record of Correspondence.

51.     Plaintiff based on the representations of Defendant's has invested about $900,000.00 in creating an advantageous equity for all parties, an investment that has devastated Plaintiff's finances.

52.     LendingHome Funding Corp., (servicer, and debt Collector) as defined by FDCPA, misled Plaintiff every month to continue sending Payments under false pretenses, knowing that the real-estate transaction would never be completed.

## SEVENTH CAUSE OF ACTION VIOLATION 0F 42 U.S. CODE § 3617-INTEREFERENCE, COERCION, INTIMIDATION

52.     Plaintiff incorporates and restates each of the above paragraphs as if fully set herein.

53.     Defendant at all times coerced Plaintiff into entering into contracts with defendant.

Defendant's intimidation tactics forced Plaintiff into entering contracts he would have otherwise

not have entered to. Defendants carried out a very elicit and elusive scheme that would generate

a substantial Monetary gain for themselves while at all times never intending to finalize the

agreement and keep all equity and monies invested to the property by the Plaintiff.


54.     These fraudulently intended contracts have caused a great injustice to Plaintiff who has

only ever acted in good faith.


55.     As a direct and proximate result of Defendant's violations of U.S. laws, Plaintiff has

sustained damages of over $900,000.00. Furthermore, the devastating economic impact on

Plaintiff and his family that Defendant has caused, might never be recovered from.


## EIGHT CAUSE OF ACTION MORTGAGE FRAUD
## FLORIDA STATUTE 817.545 (A)


60.     Plaintiff incorporates, restates each of the above paragraphs, inclusive, hereinabove, as

though set forth in full herein, and incorporates them into this cause of action by reference.

Florida Civil Procedure § 817.545


61.     Mortgage Fraud........Rules under the United States of America

(1)     For the purposes of the section, the term "mortgage lending process" means the

process through which a person seeks or obtains a residential mortgage loan, including, but

not limited to, the solicitation, application or origination, negotiation of terms, third-party

provider services, underwriting, signing and closing, and funding of the loan. Documents

involved in the mortgage lending process include, but are not limited to, mortgages, deeds,

surveys, inspection reports, uniform residential loan applications, or other loan applications;

appraisal reports; HUD-1 settlement statements; supporting personal documentation for loan

applications such as W-2 forms, verifications of income and employment, credit reports, bank

statements, tax returns, and payroll stubs; and any required disclosures.

(2)     A person commits the offense of mortgage fraud if, with the intent to   defraud, the

person knowingly:

(a)     Makes any material misstatement, misrepresentation, or omission during the mortgage

lending process with the intention that the misstatement, misrepresentation, or omission will be

relied on by a mortgage lender, borrower, or any other person or entity involved in the mortgage

lending process; however, omissions on a loan application regarding employment, income, or

assets for a loan which does not require this information are not considered a material omission

for purposes of this subsection.

62.     Here in this instance the Defendant offered financing to Plaintiff, while knowingly they

would wait until the opportunity to take all equity from the Plaintiff and attempt to leave hi

defenseless.

63.     The Defendant, LendingHome Funding, Corp. filed a premature and illegal foreclosure against the Plaintiff to attain the equity that had been created solely by the Plaintiff. The Defendant's own filing in the Civil Court states that they do not own the note nor Mortgage.


## NINTH CAUSE OF ACTION

## FLORIDA DECEPTIVE AND UNFAIR BUSINESS PRATICES ACT


64.     Plaintiff incorporates, restates each of the above paragraphs, inclusive, hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.


65.     Defendant, practicing business in Florida, is governed by its Laws. "FDUTPA broadly declares in §501.204(1) that "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. By design, FDUTPA does not contain a definition or "laundry list" of just which acts can be "deceptive," "unfair," or "unconscionable."


66.     Defendant, by design created an elaborate scheme to defraud Plaintiff of Monies in order to gain an advantageous monetary gain from equity which the Plaintiff with his hard-earned money and effort created. The Plaintiff of course at all time believing that through his hard work and investment would achieve a profit as promised by the Defendants.

## TENTH CAUSE OF ACTION, FHA , 42 U.S.C. §

67.     Plaintiff incorporates, restates each of the above paragraphs, inclusive, hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.

68.     The Plaintiff is a practicing Muslim, and so is his family.  It is truly believed by the Plaintiff that at the moment the Defendants (ALL) saw the Plaintiff's wife and children in their conservative religious attire, it's what drove their vicious and deceptive actions even further by their discrimination and hatred towards the Plaintiff.

## ELEVENTH CAUSE OF ACTION, AFFLICTION OF EMOTIONAL DISTRESS

69.     Plaintiff incorporates, restates each of the above paragraphs, inclusive, hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.

70.     The Trauma that has been inflicted by the Defendant on the Plaintiff and his family through his Fraudulent Foreclosure action and ensuing Litigation and legal harassment is *immeasurable*. The Financial and Emotional damages suffered by the Plaintiff and every member of his household are *extreme and immeasurable*.  Defendant's Counsel deliberately has set and acquired orders without due process of law in order to gain an unfair advantage for their client.

71.     The Plaintiff in order to ensure a profitable situation for all parties has had no choice but to live in the property in question. Not only to detort het, but to ensure the project and its completion.

72.     Defendant's, having realized that the Plaintiff is residing in the property have attempted to evict the Plaintiff. The person that at all times has been trying to secure the property and achieve a profit for all parties. However, the only thing the defendants have been trying to achieve is to acquire all profits from the Plaintiff's hard work and dedication.

I pray this honorable Court to provide Justice to the Victims of this Fraud by allowing this case to be heard and the facts of this Heinous Fraud to be exposed, Retribution be Imposed and Justice to be Done.

WHEREFORE, Plaintiff requests that this Court enter judgement against Defendants providing the following relief:

a.      Actual Compensatory damages in whatever amount in excess of $1,216,452.00, exclusive of costs and interest, that Plaintiff is found to be entitled;

b.      Punitive/exemplary damages against Defendants in whatever amount, exclusive of costs and interest, that Plaintiff is found to be entitled;

c.      An order enjoining/restraining Defendants from further acts of retaliation and harassment;

d.      Such other and further relief as the Court deems appropriate.

Respectfully Submitted,

ZAID ALI, PRO SE

5818 OXFORD MOOR BLVD

WINDERMERE, FL 34786

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was sent via
regular U.S. Mail TO Wells Fargo Bank, N.A., 1055 10th Avenue S.E. Minneapolis, MN 55414,
Van Ness Law Firm, PLC, 1239 E. Newport Center Drive, Suite 110, Deerfield Beach, FL,
33442, and LendingHome Funding, Corp., 1 California Street, San Francisco, CA 94111 on this
4th, day of May, 2017.
22nd      August

Respectfully Submitted,

ZAID ALI, PRO SE

5818 OXFORD MOOR BLVD

WINDERMERE, FL 34786

561-755-7172

407-724-8960